IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-50-BO
No.4:12-CV-128-BO

| | |
|---|---|
| STYE LAMAR COLEMAN,  )  | |
| Petitioner,  ) | |
| v.  ) | ORDER |
| )  | |
| UNITED STATES OF AMERICA,  ) | |
| Respondent.  | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss, petitioner has responded, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Coleman, was indicted in June 2010 on eight counts of drug and gun related charges. Mr. Coleman enter a plea of guilty pursuant to a plea agreement to counts one and five of the indictment – conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The plea agreement also contained an express waiver of Mr. Coleman's right to appeal his sentence, reserving only the right to appeal a sentence in excess of his advisory guideline range, as well as a waiver of his right to contest his conviction in any post-conviction proceeding, excepting an appeal or motion based on ineffective assistance of counsel not known to Mr. Coleman at the time he entered his plea. [DE 21].

Mr. Coleman was sentenced on July 20, 2011, to a total term of 240 months' imprisonment. Mr. Coleman noticed a direct appeal, and by opinion entered March 15, 2012, the court of appeals affirmed Mr. Coleman's convictions and dismissed the appeal of his sentence. The court of appeals found that the indictment in this matter was sufficient and that, after reviewing the plea agreement and the transcript of the Rule 11 proceedings, Mr. Coleman had knowingly and voluntarily waive his right to appeal [DE 47].

Mr. Coleman then filed the instant § 2255 petition raising three grounds for relief. Mr. Coleman contends that he was coerced into signing an appellate waiver in violation of the 5th and 14th Amendments and seeks review of the constitutionality and voluntariness of his appeal waiver plea, that he is entitled to relief from his sentence in light of *United States v. Simmons*, 439 F.3d 237 (4th Cir. 2011) and its effect on his status as a career offender, and finally that trial counsel was ineffective for negotiating a plea agreement containing an appeal waiver.

## DISCUSSION

Mr. Coleman has in his plea agreement waived his right to attack his conviction and sentence collaterally. So long as the waiver was knowing and voluntary, the right to collaterally attack a conviction or sentence may be waived. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Though Mr. Coleman now seeks review of the voluntariness of his waiver, the court of appeals has already concluded that Mr. Coleman's appeal waiver both knowing and voluntary. Upon its own review of the plea agreement and the Rule 11 transcript, this Court is constrained to arrive at the same conclusion with regard to Mr. Coleman's waiver of his right to collaterally attack his conviction or sentence. After being duly sworn, Mr. Coleman stated that he was satisfied with his lawyer's work, that he had no questions for the Court about his plea agreement,

that he had read the plea agreement, and that it had been explained to him [DE 44]. In the face of such testimony the Court cannot conclude that Mr. Coleman's entry into a plea agreement containing an appeal and collateral attack waiver with the government with neither knowing nor voluntary. Accordingly, Mr. Coleman's first and second claims for relief are barred by his plea agreement.

A claim for ineffective assistance of counsel not known at the time of the entry of the plea is expressly excluded in Mr. Coleman's plea agreement waivers. Mr. Coleman contends that his counsel was ineffective for negotiating a plea agreement containing an appeal waiver in light of the fact that *Simmons* was then pending. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Defendants are entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citations omitted). In order to establish prejudice in the context of a guilty plea a defendant must show "that there is a reasonable probability that,

3

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Mr. Coleman does not contend that he would have gone to trial had his attorney advised him to condition his acceptance of a plea agreement on the absence of an appeal waiver. Nor has Mr. Coleman demonstrated that trial counsel's representation fell below an objective standard of reasonableness. As noted by the government's in its brief, it is the practice of the United States Attorney's office in the district to include an appeal waiver in every plea agreement. Mr. Coleman has not shown, therefore, that his counsel's failure to object to the inclusion of an appeal waiver fell below an objective standard of reasonableness. As Mr. Coleman has failed to show either deficient performance or resulting prejudice, his ineffective assistance of counsel claim must fail.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find the Court's dismissal of Mr. Coleman's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 55] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 51]

4

is DISMISSED. A certificate of appealability is also DENIED.

SO ORDERED, this __14__ day of February, 2013.

                                           TERRENCE W. BOYLE
                                           UNITED STATES DISTRICT JUDGE